IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Fernando Segoviano Almanza,<br>　　　　　Petitioner,<br>v.<br>Charles L Ryan, et al.,<br>　　　　　Respondents. | No. CV-15-2064-PHX-DLR<br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 86) regarding Petitioner's Amended Petition for Writ of Habeas Corpus filed on July 6, 2018 pursuant to 28 U.S.C. § 2254 (Doc. 41), Motion for Evidentiary Development filed on January 1, 2019 (Doc. 62), and Motion to Stay filed on May 2, 2019 (Doc. 79). The R&R recommends that the Amended Petition be denied and dismissed with prejudice, that the Motion for Evidentiary Development and the Motion for Stay be denied, and that no certificate of appealability issue. (Doc. 86 at 99-111.) The magistrate judge advised the parties that they had fourteen days from the date of service of the R&R to file specific written objections with the Court. (*Id*. at 110-111.) Petitioner filed his objections to the R&R on February 25, 2020 (Doc. 95) and Respondents filed their response on March 9, 2020 (Doc. 98.) The Court considered the objections and response, reviewed the R&R *de novo*, and held oral argument on May 5, 2020 (Doc. 101). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## I. RELEVANT PROCEDURAL BACKGROUND

Following his conviction for one count of sexual conduct with a minor, Petitioner was sentenced in Pinal County Superior Court to life in prison with no possibility of release until he had served thirty-five years. Petitioner, who is illiterate and does not speak English, initialed a receipt for a "Notice of Rights After Conviction" written only in English.[1] (Exhibit AA.)

Petitioner's direct appeal, filed through counsel Lynn Hamilton ("Hamilton"), raised claims related to admission of his statements, prior bad acts evidence, insufficient evidence, and testimony from a jailhouse informant. (Exhibit D.) On August 29, 2014, the Arizona Court of Appeals issued its decision affirming Petitioner's conviction and sentence. (Exhibit F.) The Mandate issued on October 9, 2014. (Exhibit V.) Hamilton did not inform Petitioner of the Court of Appeals action in person or over the phone, but instead sent him a letter that he could not read. Hamilton did not file a Notice of Post-Conviction Relief ("Notice") on Petitioner's behalf.

Petitioner filed an untimely Notice on March 19, 2015. (Exhibit G.) In the Notice, Petitioner requested the appointment of a lawyer. The Notice acknowledged its untimeliness and alleged that there was a meritorious reason, as required by Rule 32.2(b) and 32.1(f) of the Arizona Rules of Criminal Procedure:

> Fernando Amanza Segoviano Does [*sic*] not read english [*sic*] so he did not know the court of appeal [*sic*] had reached it's [*sic*] verdic [*sic*]. Fernando was never informed by his attorney he had the oppertunity [*sic*] to file a post conviction relief. I (David Gonales) read The [*sic*] letter from Fernandos [*sic*] Attorney and informed him The [*sic*] Court of Appeals affirmed his conviction and sentence. I explained to Fernando his next course of action was a Post conviction relief[.]

(*Id.*) On April 6, 2015, the trial court appointed Post Conviction Relief ("PCR") counsel. On October 15, 2015, the trial court appointed second PCR counsel, Harriette Levitt

---

[1] Following the R&R's system, exhibits to the Answer (Doc. 48) are referenced as "Exhibit." Exhibits to Respondents' Supplement (Doc. 82) are referenced as "Exhibit S-." Exhibits to Petitioner's Motion for Evidentiary Development (Doc. 62) are referenced as "Exhibit M-." Exhibits to Petitioner's Motion to Stay (Doc. 79) are referenced as "Exhibit MS-."

("Levitt"), to replace the first, who had not contacted Petitioner. The trial court gave Petitioner until December 31, 2015 to file his PCR petition. (Exhibit H.)

On October 15, 2015, Petitioner filed his pro per Petition for Writ of Habeas Corpus. (Doc. 1.) On February 25, 2016, without having reviewed the trial transcripts, Levitt filed a Rule 32.4(c) notice stating that her review of the file revealed no colorable claims for PCR relief. (Exhibit I.) On May 19, 2016, Petitioner filed a *pro per* PCR petition in Pinal County Superior Court. (Exhibit K.) On June 1, 2016 the Federal Public Defender ("FPD") was appointed to represent Petitioner. (Doc. 19.) This Court granted the FPD authority to represent Petitioner during the completion of the state PCR and stayed consideration of the Petition for Habeas Corpus pending the resolution of the PCR proceedings. (Docs. 27, 28.) On August 4, 2016, the superior court dismissed the PCR, noting, "all matters contained in the Petition for Post-Conviction Relief are precluded as having been previously ruled upon or untimely filed or the Petition lacks sufficient basis in law and fact to warrant further proceedings herein and no useful purpose would be served by further proceedings." (Exhibit M.)

On February 21, 2017, Petitioner filed a petition for review with the second division of the Arizona Court of Appeals, which denied it on July 25, 2017 based exclusively on Petitioner's failure to file a timely Notice. (Exhibits O, V.) On August 11, 2017, the Court of Appeals denied Petitioner's Motion for Reconsideration. (Exhibit X.) The Arizona Supreme Court denied the Petition for Review. (Exhibit Z.) After this Court granted Petitioner's two requests for extension of time (Docs. 38 and 40), Petitioner filed an Amended Petition for Habeas Corpus on July 26, 2018. (Doc. 41.)

The Original Petition asserted three grounds for relief. The Amended Petition asserted thirteen grounds. The magistrate judge found that Amended Petition grounds 1-3, 8, and 10-13 were not alleged in the Original Petition, that they did not relate back and therefore were outside the statute of limitations and that they should be dismissed with prejudice as untimely. The magistrate judge further found that grounds 1-3, 5-8, and 10-

13 were procedurally defaulted or procedurally barred and should be dismissed with prejudice. Finally, the magistrate judge found ground 4 meritless.

## II. OBJECTIONS

### A. Equitable Tolling

Petitioner objects to the magistrate judge's finding that he is not entitled to equitable tolling on the filing of his petition. Equitable tolling is appropriate only when a petitioner proves "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The relevant time frame for assessing equitable tolling is the period in which the one-year statute of limitations ran. Subsequent extraordinary circumstances generally cannot have caused the untimeliness and cannot revive an already expired limitations period. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-1035 (9th Cir. 2005). Petitioner argues that four compounding factors created extraordinary circumstances: delays in state post-conviction relief proceedings, ineffective assistance of appellate and PCR counsel, Petitioner's illiteracy, and language barriers. (Doc. 95 at 10.)

The delay in the state post-conviction relief proceedings was not an extraordinary circumstance and did not combine with the other "compounding factors" to create one. Petitioner's failure to file a timely Notice resulted in procedural defaults and the lost opportunity for statutory tolling; the time it took the court to reach a finding could not have changed those outcomes and did not affect his ability to include all his claims his original petition.

On the contrary, abandonment by appellate counsel could have affected Petitioner's ability to include all claims in his original petition. *See Gibbs v. Legrand*, 767 F.3d 879, 885 (9th Cir. 2014) ("[A]ttorney conduct compromising the filing of a timely federal habeas petition can constitute the requisite 'extraordinary circumstance' in some circumstances but not others."). Failure to inform a client of an important event in the case is not a "garden variety claim of excusable neglect." *Id.* Instead, "[f]ailure to inform a

1   client that his case has been decided, particularly where that decision implicates the client's
2   ability to bring further proceedings *and* the attorney has committed himself to informing
3   his client of such a development, constitutes attorney abandonment." *Id.* at 886 (citation
4   omitted) (emphasis in original). Hamilton conveyed the outcome of his appeal to Petitioner
5   in a letter written in English.[2]  Petitioner alleged in his Amended Petition that he missed
6   the Notice deadline because he "only became aware of the issuance of the mandate and the
7   filing deadline for the Notice when he was able to get another prisoner to read the letter
8   from Hamilton to him."  (Doc. 41 at 11.)

9   　　　In his R&R, the magistrate judge found that, regardless of Petitioner's language
10  barriers, his ability to file an untimely PCR and the original habeas petition pro se indicates
11  that he must have received adequate translation help.  *Yow Ming Yeh v. Martel*, 751, F.3d
12  1075,1078 (9th Cir. 2014). The magistrate judge also found that the Arizona Department
13  of Corrections Rehabilitation and Reentry unit ("ADCRR") intended to assist individuals
14  with language barriers, offered translation services during the relevant AEDPA limitations
15  period and could have translated the subject letter.  The Court cannot agree that the fact
16  that Petitioner filed an untimely Notice, alone, demonstrates that adequate translation
17  services were available to Petitioner during the PCR period.  However, counsel for
18  Petitioner explained at oral argument that Petitioner's cellmate translated the letter for
19  Petitioner before the Notice deadline.  (Doc. 104 at 7.)[3]  The extraordinary circumstance
20  alleged at oral argument thus was not the lack of translation services, but Petitioner's lack
21  of understating of the PCR process and lack of knowledge of the date the appellate court
22  mandate issued.  A *pro se* petitioner's lack of legal sophistication is not, by itself an
23  extraordinary circumstance warranting equitable tolling.  *Rasberry v. Garcia*, 448 F. 3d

---

[2] When asked at oral argument, Petitioner's counsel indicated that the letter is not available.  (Doc. 104 at 4.) Petitioner has not provided information about its contents beyond what was stated in his Notice—that it informed him of the Court of Appeals' affirmance of his conviction and sentence.  (Exhibit G.)

[3] Petitioner objects to the R&R's finding that he was not diligent in seeking services to translate the letter from his appellate counsel. Because counsel has now established that letter had in fact been translated by Petitioner's cellmate before the Notice deadline, the question of his diligence in seeking translation is no longer relevant.

1150, 1154 (9th Cir. 2006). And, having received notice that the appellate court denied his appeal, Petitioner's lack of knowledge regarding the date the mandate issued is not an extraordinary circumstance. Ultimately, the record establishes that Petitioner was able to file other relevant, written filings within the limitations period. His illiteracy, lack of resources or his lack of understanding of the PCR process was not the cause of the untimeliness of the claims raised in his Amended Petition.

Next, the ineffective assistance and failure to communicate by Petitioner's first PCR counsel was not an extraordinary circumstance, because it could not have been a cause of his untimely Notice. The first PCR counsel was appointed after the Notice deadline and Petitioner filed a timely habeas petition. Petitioner has not shown how the first PCR counsel's failure to communicate interfered with his timely assertion of claims in his habeas petition. Similarly, ineffective assistance of the second PCR counsel was not an extraordinary circumstance, because the actions or inaction of his second PCR counsel could not have caused Petitioner to fail to include the Amended Petition's claims in the Original Petition. Second PCR counsel was appointed on October 15, 2015, one week after the expiration of the statute of limitations and therefore outside the relevant time frame for assessing equitable tolling.

Finally, Petitioner objects to the R&R's failure to apply equitable tolling based on the Court's scheduling orders, which he argues misled him about the one-year statute of limitations deadline, relying on *Sossa v. Diaz,* 729 F. 3d 1225 (9th Cir. 2013). In *Sossa*, the Court found the *pro se* petitioner entitled to equitable tolling because he was misled by the magistrate judge's orders extending the deadline of his habeas filing beyond the AEDPA's statute of limitations. No such misleading rulings exist here. Petitioner represented in his Notice of Case Status that he calculated his Amended Habeas Petition to be due on August 8, 2018. (Doc. 34.) The order granting Petitioner leave to file an amended habeas petition made clear that the Court was not agreeing or ruling on that issue. The order stated, "[w]hile the one-year statute of limitations under 28 U.S.C. § 2244(d) may expire on August 8, 2018—the Court takes no position on that issue." (Doc.

- 6 -

35 at 2.) Because Petitioner was not misled by the Court about the expiration date of his statute of limitations, *Sossa* is not applicable. The R&R correctly determined that he is not entitled to equitable tolling based on the Court's order granting him leave to file an amended petition. In sum, Petitioner's objection to the R&R's equitable tolling finding is overruled.

### B. Cause to Excuse Procedural Default

Petitioner objects to the magistrate judge's refusal to find that his proffered causes excused default. When a state prisoner defaults his federal claims in state court pursuant to a state procedural rule, federal habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice from the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. The existence of cause ordinarily depends on whether the petitioner can show some "objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

Petitioner argues that the magistrate judge erred by finding that his claim for ineffective assistance of appellate counsel does not constitute cause because it was not presented to the state court as an independent claim. It has not been unequivocally established that ineffective assistance of appellate counsel can constitute cause for the procedural default of another claim if it was not presented to the state court as an independent claim. However, language in *Edwards* suggests there may be situations in which it could. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (emphasis in original) ("To hold, as we do, that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can *itself* be procedurally defaulted is not to say that the procedural default may not itself be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim."). Appellate counsel's failure to timely and reasonably communicate the Court of Appeals' decision to Petitioner could be an external factor that impeded Petitioner's effort to comply with the state's procedural rule and meet the cause-and-prejudice standard. However, appellate counsel did not fail to

1  communicate the appellate decision, because Petitioner's cellmate translated appellate
2  counsel's letter to Petitioner before the Notice deadline. (Doc. 104 at 7.) Under these new
3  facts, Petitioner's abandonment, lack of notice, and literacy/language arguments also
4  evaporate. Petitioner's objections to the R&R's finding that there was no cause to excuse
5  procedural default are overruled.

      **C.  Procedural Actual Innocence**

7      Petitioner objects to the magistrate judge's recommendation that the procedural
8  actual innocence claim be dismissed. The actual innocence exception, which would excuse
9  any untimely claim and procedural default, applies when a petition presents "evidence of
10 innocence so strong that a court cannot have confidence in the outcome to the trial unless
11 the court is also satisfied that the trial was free of nonharmless constitutional error[.]"
12 *Schlup v. Delo* 513 U.S. 298, 316 (1995). This type of claim requires the petitioner "to
13 support his allegations of constitutional error with new reliable evidence—whether it be
14 exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical
15 evidence—that was not presented at trial." *Id.* at 324.

16     The magistrate judge correctly found that Petitioner presents no new exculpatory
17 scientific evidence, critical physical evidence, or trustworthy eyewitness accounts of his
18 innocence. Petitioner's argument that there was a lack of physical or DNA evidence and
19 that the medical evidence presented at trial was inconclusive does not produce new
20 evidence. The R&R correctly points out that Petitioner merely presents "argument based
21 on evidence [already] presented at trial." (Doc. 86 at 41.) Petitioner's argument that a
22 medical professional opined that no medical evidence showed that he digitally penetrated
23 the victim's genital area also is not evidence of innocence. Dr. Hairton's letter questioned
24 the opinions of the victim's care providers and concluded that "there is no medical evidence
25 that Mr. Almanza digitally penetrated the hymen or any part of the genital area of A.W. at
26 any time." (Exhibit M-6.) However, the magistrate judge correctly found that this
27 evidence does not support an actual innocence claim, noting, "[a] finding of 'actual
28 innocence' is not to be based upon a finding of insufficient evidence to support the charge,

1  but rather upon affirmative evidence of innocence." (Doc. 86 at 43) (citing *U.S. v. Ratigan*, 351 F. 3d 957 (9th Cir. 2003)).

Next, the impeachment evidence underscored by Petitioner does not rise to the level of information that would cause the Court to lack confidence in the trial's outcome. Although impeachment evidence can qualify as new reliable evidence, it must be of such strength and reliability that no reasonable juror "would have convicted the petitioner in light of the new evidence." *Gandarela v. Johnson*, 286 F. 3d 1080, 1086 (9th Cir. 2002). In his objection, Petitioner relies primarily on the impeachment of the jailhouse informant, pointing to his history of seeking information on other inmates as a bargaining chip for leniency and the benefits he received from the state for testifying against Petitioner. This evidence does not address the informant's ability to know the facts about which he testified, but instead questions his motives. The R&R correctly concludes that Petitioner failed to establish that this impeachment evidence is the kind of "new reliable evidence" required to establish an actual innocence showing. Petitioner does not make a credible showing of actual innocence warranting a wide-ranging evaluation of all the evidence or the granting of an evidentiary hearing. Petitioner's objection to the R&R's recommendation that the procedural actual innocence claim be dismissed is overruled.

### D.  Ineffective Assistance of Trial Counsel

The R&R did not address the merits of the ineffective assistance of trial counsel claim after it found the claim untimely and procedurally defaulted. Petitioner objects, arguing that procedural default can be excused by showing that his ineffective assistance of trial counsel claim is substantial and arguing that he effectively did not receive PCR counsel. (Doc. 95 at 19.) The Court agrees that trial counsel's failure to object to the prosecutor's false assertions during closing argument—that the jailhouse informant received no benefits—and trial counsel's failure to meaningfully cross-examine the informant about his motives for and benefits from testifying could raise a substantial claim. The Court further agrees that Petitioner did not receive effective PCR counsel. However, even if the Court found the procedural default excused, the claim is nonetheless untimely.

Petitioner's objection to the R&R's finding on the ineffective assistance of trial counsel claim is overruled.

### E.  Ineffective Assistance of Appellate Counsel

The merits of ground 2, a claim for ineffective assistance of appellate counsel, were not addressed in the R&R.  Petitioner's argument of appellate counsel abandonment as a cause for the untimely notice of PCR impacts both the statute of limitations and procedural default.  However, the argument that counsel abandoned Petitioner by not informing him of the outcome of his case in the Court of Appeals no longer holds water, because counsel's letter was in fact translated before the deadline.  Neither equitable tolling nor cause exist. The magistrate judge correctly determined that the claim was untimely and procedurally defaulted. Petitioner's objection to the R&R's recommendation regarding ground 2 is overruled.

### F.  Admission of Petitioner's Statements to Police

Ground 4 challenges the admission of Petitioner's statements to police. The Arizona Court of Appeals found that the record showed that Petitioner was adequately provided his Miranda rights in English and Spanish and agreed to be questioned in English. The questions of the voluntariness of Petitioner's statements to the police, his understanding of his Miranda rights, and whether he knowingly waived those rights involved a factually intense analysis of the record.  Although Petitioner points to facts that support his argument, the facts relied on by the state court also support its determination. That court found that he answered appropriately—indicating on two occasions that he understood his rights—, that he was not intimidated, coerced or deceived into waiving his rights, that he never unambiguously invoked his right to remain silent, and that he was adequately advised of his right to a lawyer free of charge during questioning, not just at a later time. This Court cannot substitute its judgement for that of the state court. Rather, to grant relief, it must either find that the state court's decision was "contrary to, or an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" 28 U.S.C. § 2254(d)(1) or "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Based on this record, the Court cannot conclude that the state court's decision was contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts. Petitioner's objection to the R&R's recommendation to dismiss ground 4 is overruled.

### G. Prior Bad Acts

Although timely, ground 5 was raised in state court solely under Rule 404 of the Arizona Rules of Evidence. Because the federal claim was not presented in state court, the R&R correctly found that it is procedurally defaulted. The objection to the R&R's findings on the prior bad-bad-acts claim is overruled.

### H. Insufficiency of the Evidence

Ground 6, too, is timely but also was raised on direct appeal only as a state law claim. Because Petitioner has not revealed a shared identity between the state and federal claim, the R&R correctly concluded that the claim was procedurally defaulted. Petitioner objects that there is cause to excuse the procedural default based on appellate counsel's failure to adequately notify him of the state appellate court's mandate issuance and ADCRR's inadequate translation assistance. However, counsel clarified at oral argument that Petitioner's cellmate translated the letter in time to enable the filing of a timely Notice. Even if appellate counsel's means of communicating the information to Petitioner was negligent or even reckless, the fact remains that the letter was translated in time for the timely filing of a Notice. Appellate counsel's communication with Petitioner by letter written in English is therefore not cause to excuse the procedural default. The objection to the R&R's recommendation to dismiss the insufficiency of the evidence claim is overruled.

### I. Jailhouse Informant

The R&R concludes ground 7 is procedurally barred and recommends that it be dismissed based on the Arizona Court of Appeals' determination that Petitioner waived it on appeal by failing to argue that the trial court committed fundamental error when admitting the informant's testimony. In his objection, Petitioner argues that in refusing to

consider this claim, "the state appellate court applied a procedural rule that it did not apply evenhandedly to all similar claims." (Doc. 95 at 22.)  This argument was not raised in the Petition, has been waived, and is without merit. *State v. Fernandez*, 169 P. 3d 641, 650 (Ariz. Ct. App. 2007) (explaining that failing to argue that a claim is subject to fundamental error review results in waiver, unless fundamental error is apparent in the record.) The Court must presume that the Arizona court knew and followed its rule when finding the claim waived. *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).  Petitioner's objection to the R&R's recommendation to dismiss ground 7 is overruled.

### J. Prosecutorial Misconduct; Victimology Expert; Jury Instruction; Actual Innocence; Cumulative Error

The magistrate judge correctly concluded that grounds 8, 10, 11, 12 and 13 were untimely and do not relate back to the Original Petition because none of their operative facts are included therein.  The R&R's finding of procedural default on these grounds is also correct.  Petitioner objects that he could not file a timely Notice because he could not read and had no one to interpret his appellate counsel's letter informing him of the Arizona Court of Appeals decision. (Doc. 95 at 16) ("Without appellate counsel's assistance or assistance from ADCRR in translating the decision, Almanza, as an illiterate inmate, could not have filed a timely [N]otice.")  However, his argument is not supported by the facts, because Petitioner's cellmate translated the letter before the PCR deadline.  Petitioner's objections to the R&R's recommendation as to these grounds are overruled.

### K. Motion to Stay

Petitioner objects to the R&R's recommendation that his motion to stay these proceedings be denied. (Doc. 79.)  Petitioner asserts that evidence that the jailhouse informant received benefits from testifying at trial was unavailable to him during the PCR proceedings due to PCR counsel's ineffectiveness and the prosecutor's failure to disclose it in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and that the informant's testimony that he received no benefits was false and known by the prosecutor in violation of *Napue v. People of State of Ill.,* 360 U.S. 264, 269 (1959).  Petitioner, in his objection,

again contends that the Amended Petition is timely because he is entitled to equitable tolling and that the procedural default finding is erroneous because appellate counsel's failure to communicate the appellate decision is cause to excuse the default. For the reasons previously described, neither argument prevails. The R&R correctly recommended denying the motion to stay because the underlying *Brady/ Naque* claim would be untimely and procedurally defaulted. The objection to the R&R's recommendation to deny the stay is overruled.

### L.  Motion for Evidentiary Development

Petitioner's objection to the R&R's recommendation to deny the motion for evidentiary development is again based on his claim that the Amended Petition is timely because he is entitled to equitable tolling; his objection to the procedural default finding similarly argues that appellate counsel's failure to communicate the appellate decision is cause to excuse the default. For the reasons previously described, neither argument prevails. The R&R correctly recommended denying the motion because the claims in the Amended Petition are untimely and procedurally defaulted. The objection to the R&R's recommendation to deny the motion for evidentiary development is overruled.

### M.  Certificate of Appealability

The Court, whose rulings are based in part on procedural grounds and in part on the merits, finds that jurists of reason would not find it debatable whether the Court was correct in its procedural rulings and would not find the Court's assessment of the constitutional claims debatable or wrong. The magistrate judge correctly recommended that the certificate of appealability should be denied and Petitioner's objection thereto is overruled. Accordingly,

**IT IS ORDERED** that the R&R (Doc. 86) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Development (Doc. 62) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay (Doc. 79) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED WITH PREJUDICE**. Dismissal of the petition is justified because reasonable jurists would not find the ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 27th day of May, 2020.

Douglas L. Rayes
United States District Judge