IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Segoviano Almanza,<br><br>　　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Respondents. | No. CV-15-2064-PHX-DLR<br><br>**ORDER** |

　　　　Before the Court is the Amended Report and Recommendation ("AR&R") of Magistrate Judge James F. Metcalf (Doc. 125) addressing the merits of Petitioner's claims of ineffective assistance of counsel first raised in Petitioner's Amended Petition for Writ of Habeas Corpus filed on July 6, 2018, pursuant to 28 U.S.C. § 2254 (Doc. 41). The original Report and Recommendation (R&R) concluded, among other things, that Ground 1, a claim of ineffective assistance of counsel, did not relate back and was procedurally defaulted. This Court accepted the R&R and issued an order dismissing the Amended Petition. On appeal, the Ninth Circuit Court of Appeals reversed and remanded for consideration of the merits of "Ground 1."

　　　　The parties re-briefed the ineffective assistance of counsel claim, and the AR&R issued after. The AR&R broke Ground 1 into three subparts (Grounds 1-1, 1-2, and 1-3), and found as to each subpart that Petitioner had failed to show that counsel was ineffective.

The AR&R recommended that all three subparts be denied and that no certificate of appealability issue. (Doc.125 at 36.)

Petitioner filed his objections to the AR&R on December 29, 2022 (Doc. 131), Respondents filed their response on January 11, 2023 (Doc. 132) and Petitioner filed his reply on January 23, 2023. (Doc. 136.) The Court has considered the objections, response, and reply and has reviewed the AR&R *de novo*. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**I. BACKGROUND**

A jury found Petitioner guilty of one count of sexual conduct with a minor, and he was sentenced to life in prison with no possibility of release until he had served 35 years. At trial there was limited evidence of Petitioner's guilt. There was no confession to the police, and he repeatedly denied his guilty although investigators interviewed Petitioner for hours. There was no physical or DNA evidence. The evidence against petitioner at trial was the victim's testimony, an injury to the victim that was "consistent" with molestation, and the testimony of a jailhouse informant, John Boggs that Petitioner confessed to him.

Before trial, Boggs, who had entered into a plead agreement for a class 4 felony, came to the prosecution in February 2012 with an offer to provide evidence against Petitioner. Three months later, Boggs reached a new plea agreement, where the felony offense to which he pled guilty was reduced to a class 6 and he agreed to testify against Petitioner. If he did not testify against Petitioner, he faced the reinstatement of five dismissed charges, four of which were felonies more severe than the one charge to which he had originally pled. The reinstatement would expose him to a potential 15-year prison sentence.

///

///

///

At trial, Boggs testified that he had absolutely nothing to gain from testifying and faced no consequences if he failed to testify because of double jeopardy.[1] He claimed that he was testifying only for his peace of mind to protect children. The true benefit to Boggs was not brought up by the prosecutor on direct nor by defense counsel on cross-examination. The testimonial plea agreement was not admitted into evidence. The jury never learned of the sequence of the events leading to his testimonial deal or that he was wrong when he testified that he received no benefit by testifying.

During closing argument and without objection, the prosecutor relied on Boggs' testimony and argued that Boggs had nothing to gain and was there only to speak the truth, motivated to protect children and for his own peace of mind.

**II. THE REMANDED CLAIM**

The claim of ineffective assistance of counsel that was remanded to this Court encompasses counsel's failure to cross-examine or impeach Boggs about his incentives to testify under his plea agreement, failure to object to the prosecution's elicitation, and reliance on Boggs' false testimony.

**III. INEFFECTIVE ASSISTANCE OF COUNSEL**

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that (1) counsel's representation fell below the objective standard for reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984).

**A. DEFICIENT PERFORMANCE**

On direct examination, Boggs denied that the prosecution could reinstate the dismissed counts if he refused to testify. He testified that he was protected from being recharged because of double jeopardy. The Court cannot determine if Boggs subjectively believed that he was protected by double jeopardy simply because he qualified his denials

---

[1] Boggs was not protected by double jeopardy, as he claimed to be. He waived his double jeopardy defense. *Ricketts v. Adamson*, 483 U.S. 1, 10 (1987). The plea agreement provided that the State could deem the plea agreement null and void and reinstate the five dismissed charges if he refused to testify.

as a "belief." Impeachment of a witness, however, is not limited by the Court's determination that the witness really believes what he is saying. If his alleged belief is objectively false, the jury should hear it. That is the stuff of impeachment.

But that impeachment never occurred because Defense counsel did not cross-examine Boggs on his testimonial plea agreement. The plea agreement was quite clear that Boggs was receiving a benefit, and he could face the reinstatement of the dismissed charges if he did not testify. Cross-examining Boggs would have brought out the benefits he received under his plea agreement by testifying, impeaching Boggs in two ways. First, it would have shown that he lied to the jury about receiving no benefit by testifying. Second, it would have shown that he had a motive to lie about Petitioner's alleged confession. A witness's motive to testify to certain alleged facts, like a confession, is critical information for a jury in evaluating credibility. In a case like this where the evidence is sparse and the jailhouse informant's testimony of an alleged confession is heavily relied on to prove guilt, that informant's motive is critical.

Further, the prosecutor relied on Boggs' testimony, knowing that Boggs had indeed received a benefit in his plea agreement by testifying, even though Boggs testified to the contrary. It was the prosecutor's office that had entered the deal with Boggs; it was the prosecutor who marked the plea agreement as a trial exhibit, presented in court and asked Boggs to identify and testify from it on the stand. The prosecution's use of objectively false testimony was objectionable.

The evidence is clear from the state court record that Boggs received a significant benefit from testifying pursuant to his testimonial plea agreement, that he was not correct when he testified that he received no benefit, that the prosecutor, knowing otherwise, ran with Boggs testimony, and defense counsel did nothing to bring any of this to the jury's attention. Counsel's failure to cross examine Boggs on the terms of the plea agreement and the timing of the plea agreement was deficient performance that fell below the applicable objective standard of reasonableness. Likewise, counsel's failure to object to the

prosecutor's use of Boggs' false testimony and to prosecutor's vouching was deficient performance that fell below the applicable objective standard of reasonableness.

The parties disagree about the admissibility of Boggs' first plea deal in this proceeding. The Court finds that the plain language of 28 U.S.C. § 2254(g) establishes that the Pinal County Superior court records are admissible and can be considered by the Court in deciding this matter. The statute imposes no requirement that the state court records be of a specific proceeding to be admissible. However, even without the admission of Boggs' first plea deal, the evidence is sufficient to show counsel's deficient performance.

### B. PREJUDICE

That Boggs was receiving a benefit was important information for the defense to convey to the jury. There was limited evidence of Petitioner's guilt and therefore, Boggs' testimony about the confession was a large part of the prosecution's case. Impeachment of Boggs by the benefits he received for testifying and his false testimony that he received no benefit, would have severely damaged the prosecution's case. Boggs' credibility, the only witness to whom Petitioner allegedly confessed, was critical. The prosecution recognized that when it vouched for him in its closing. And this vouching papered over the fact that Boggs was a typical jailhouse informant who approached the government for a better deal, and got one, by claiming Petitioner confessed to him and testified about it. For lack of impeachment and objection, the jury never heard that Boggs received a benefit from testifying—his motive to lie about Petitioner's confession never saw the light of day. Because of the importance of the credibility of Boggs testimony to the prosecution's case, the Court finds that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

**IT IS THEREFORE ORDERED** that the Amended Report and Recommendation (Doc. 125) is rejected as provided herein.

**IT IS FURTHER ORDERED** that petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 41) is **GRANTED**.

1  **IT IS FURTHER ORDERED** that a conditional writ of habeas corpus be issued directing Petitioner's release from all custody as a result of his conviction for sexual conduct with a minor, unless within 90 days the State of Arizona retries and convicts him on such charge.

Dated this 15th day of March, 2023.

_____
Douglas L. Rayes
United States District Judge